**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| BLEACHBRIGHT L.L.C., | § § § § § § § § § § § § § § | |
| *Plaintiff*, | | Civil Action No. |
| v. | | Sec. |
| GLO SCIENCE, INC. & JBL RADICAL INNOVATIONS, LLC, | | Judge |
| *Defendants*. | | Mag. |

**COMPLAINT FOR DECLARATORY JUDGMENT OF**
**PATENT NON-INFRINGEMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff BleachBright L.L.C. (hereinafter "BleachBright" or "Plaintiff"), who hereby presents this Complaint for Declaratory Judgment of Patent Non-Infringement against Defendants GLO Science, Inc. and JBL Radical Innovations, LLC (hereinafter collectively "Defendants"), and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.      This is a civil action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and FED. R. CIV. P. 57, seeking a declaratory judgment of non-infringement of United States Design Patent No. D636,074 (hereinafter "'074 Design Patent") and United States Design Patent No. D765,255 (hereinafter "'255 Design Patent") (hereinafter collectively "Design Patents") under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*., so as to enable BleachBright to continue its lawful activities of designing, developing, marketing, and supplying its teeth whitening products sans Defendants' nuisance and challenge of patent infringement that intend to wrongfully restrain BleachBright's competition of non-infringing goods.

### THE PARTIES

2.      BleachBright is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business in Kenner, Louisiana.  BleachBright is in the business of designing, developing, marketing, and supplying its teeth whitening products described herein, such as teeth whitening mouthpieces, and is Plaintiff here.

3.      Upon information and belief, JBL Radical Innovations, LLC (hereinafter "JBL"), the patentee and apparent licensor of the Design Patents, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 923 Fifth Avenue, New York, New York 10021, and is made Defendant here.  JBL may be served with process through its registered agent for service of process in Delaware, National Registered Agents, Inc., at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

4.      Upon information and belief, GLO Science, Inc. (hereinafter "GLO Science"), a supplier of teeth whitening products and the apparent exclusive licensee of JBL's patentee rights in relation to the Design Patents, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 425 Madison Avenue, New York, New York 10017, and is made Defendant here.  GLO Science may be served with process in accordance with FED. R. CIV. P. 4(h) at its principal place of business at 425 Madison Avenue, New York, New York 10017 by delivery to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

### JURISDICTION AND VENUE

5.      This United States District Court has original and exclusive jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331 and 1338(a) for claims asserted herein arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

6.     This United States District Court also has subject matter jurisdiction based upon an actual controversy between the parties under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, for the relief requested herein of declaratory judgment with respect to the Design Patents.

7.     This United States District Court may exercise jurisdiction over GLO Science on the grounds that, *inter alia*, it and/or its agents have purposefully directed its activities to the State of Louisiana and its residents, particularly its patent enforcement activities, including the mailing of the enforcement letter described herein on behalf of JBL, in connection with a distribution agreement with distributors headquartered within this State and District, so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana.

8.     This United States District Court may exercise jurisdiction over JBL on the grounds that, *inter alia*, it and/or its agents have purposefully directed its activities to the State of Louisiana and its residents, particularly its patent enforcement activities, including the authorization of the mailing of the enforcement letter described herein, in connection with a licensing agreement with GLO Science, who regularly does business within this State and District as described herein, so as to purposefully avail itself of the privilege of conducting business within the State of Louisiana.

9.     Venue is proper in this District, the Eastern District of Louisiana, under 28 U.S.C. §§ 1391(b) and 1391(c) on the grounds that, *inter alia*, Defendants are subject to personal jurisdiction in this District.

## CASE AND CONTROVERSY

### '074 Design Patent

10.     The '074 Design Patent entitled "MOUTHPIECE" indicates it was issued by the United States Patent and Trademark Office (hereinafter "USPTO") on April 12, 2011.  A true and correct copy of the '074 Design Patent is attached hereto as Exhibit "A."

11.     The '074 Design Patent claims priority to United States Patent Application No. 29/363,728, which was filed on June 14, 2010 by inventor Jonathan B. Levine (hereinafter "Levine").

12.     JBL currently claims to have right, title, and interest in the '074 Design Patent as the patentee by assignment, per the Assignment of Assignor's Interest, executed by Mr. Levine on January 5, 2011 and subsequently recorded with the USPTO on February 14, 2011.

13.     Upon information and belief, JBL is the patentee of the '074 Design Patent on behalf and to the benefit of GLO Science and its ownership, as they are affiliated to each other.

14.     GLO Science is the exclusive licensee of the '074 Design Patent, per Defendants' representations.

15.     Upon information and belief, Defendants' licensing agreement structures a relationship beyond mere receipt of royalty income due to the fact that, *inter alia*, GLO Science, the exclusive supplier of teeth whitening products covered by the '074 Design Patent in the State of Louisiana, undertook the obligation of enforcing the '074 Design Patent on behalf of JBL.  As manifested, each defendant holds the right to enforce the '074 Design Patent in the State of Louisiana.

## '255 Design Patent

16.     The '255 Design Patent entitled "MOUTHPIECE" indicates it was issued by the USPTO on August 30, 2016.  A true and correct copy of the '255 Design Patent is attached hereto as Exhibit "B."

17.     The '255 Design Patent claims priority to United States Patent Application No. 29/492,179, which was filed on May 29, 2014 by inventor Levine.

18.     JBL currently claims to have right, title, and interest in the '255 Design Patent as the patentee by assignment.

19.     Upon information and belief, JBL is the patentee of the '255 Design Patent on behalf and to the benefit of GLO Science and its ownership, as they are affiliated to each other.

20.     GLO Science is the exclusive licensee of the '255 Design Patent, per Defendants' representations.

21.     Upon information and belief, Defendants' licensing agreement structures a relationship beyond mere receipt of royalty income due to the fact that, *inter alia*, GLO Science, the exclusive supplier of teeth whitening products covered by the '255 Design Patent in the State of Louisiana, undertook the obligation of enforcing the '255 Design Patent on behalf of JBL.  As manifested, each defendant holds the right to enforce the '255 Design Patent in the State of Louisiana.

### Defendants' Supply and Distribution of Products Covered by the Design Patents in the State of Louisiana and this District, and Enforcement Thereof

22.     Upon information and belief, GLO Science is the exclusive supplier of teeth whitening products covered by the Design Patents, which are distributed solely through licensed dentists, in the State of Louisiana.

23.     Upon information and belief, relying on the "GLO Dentist Locator" found on GLO Science's website, www.gloscience.com, Doctor Gary Parker distributes Defendants' products to residents of Louisiana.  Doctor Gary Parker is a licensed dentist in the State of Louisiana and of "Gary A. Parker, D.D.S. A Professional Dental Corporation," a corporation organized and existing under the laws of the State of Louisiana, located in Bogalusa of Washington Parish.

24.     Upon information and belief, relying on the "GLO Dentist Locator" found on GLO Science's website, www.gloscience.com, Doctor Gary Parker is the exclusive distributor found within this District.

**Defendants' Purported Monopoly on Teeth Whitening Mouthpieces**

25.     BleachBright designs, develops, markets, and supplies teeth whitening products, including the "IBRIGHT" teeth whitening system (hereinafter "IBRIGHT").

26.     IBRIGHT's design was released into the market as early as July of 2016.

27.     Defendants sent a letter, dated July 22, 2016, from counsel of Defendants to BleachBright (hereinafter "Patent Enforcement Letter"), which suggested that BleachBright infringed Defendants' Design Patents.  A true and correct copy of the Patent Enforcement Letter is attached hereto as Exhibit "C."

28.     Defendants' Patent Enforcement Letter provided no analysis as to how BleachBright's IBRIGHT is "remarkably similar" and may infringe the Design Patents besides merely being a mouthpiece used for teeth whitening purposes.

29.     Nevertheless, Defendants arbitrarily created a deadline for response and demanded that BleachBright respond to the Patent Enforcement Letter in order to defend its IBRIGHT product extra-judicially.

30.     In further support of the Patent Enforcement Letter, Defendants' counsel sent an e-mail on September 5, 2016 to BleachBright (hereinafter "Patent Enforcement Follow-Up"), and reiterated their position, further suggesting that BleachBright infringed Defendants' Design Patents.  A true and correct copy of the Patent Enforcement Follow-Up is attached hereto as Exhibit "D."

31.     Defendants' Patent Enforcement Follow-Up also provided no analysis as to how BleachBright's IBRIGHT is "remarkably similar" and may infringe the Design Patents besides merely being a mouthpiece used for teeth whitening purposes.

32.     Nevertheless, Defendants arbitrarily created a second deadline for response and demanded that BleachBright respond in accordance with the Patent Enforcement Letter in order to defend its IBRIGHT product extra-judicially.

33.     Granted the above characterization of the Patent Enforcement Letter and subsequent communication, Defendants are claiming a monopoly on all mouthpieces used for teeth whitening purposes, citing the Design Patents.

34.     However, the Design Patents are limited in scope and do not disclose protection over all mouthpieces used for teeth whitening purposes.

35.     Therefore, Defendants unlawfully claim a monopoly over all mouthpieces used for teeth whitening purposes when asserting that Plaintiff's IBRIGHT is "remarkably similar" and may infringe the Design Patents by merely being a mouthpiece.  Accordingly, BleachBright's IBRIGHT does not infringe, either directly or indirectly, any valid and enforceable claim of the Design Patents either literally or under the doctrine of equivalents.

36.     Defendants' Patent Enforcement Letter and Patent Enforcement Follow-Up are unequivocally implying a threat of litigation against BleachBright by virtue of the foregoing demands and allegations outlined therein.

37.     Defendants' Patent Enforcement Letter and Patent Enforcement Follow-Up place a cloud of fear, uncertainty, and doubt over BleachBright's IBRIGHT and relationships with its manufacturer, potential distributors, and customers, when BleachBright's IBRIGHT does not infringe, either directly or indirectly, any valid and enforceable claim of the Design Patents, either literally or under the doctrine of equivalents.

38.     BleachBright's legal rights are clearly adverse with Defendants' allegations and interests.

39.     The aforementioned demands, threat of litigation, and cloud of fear, uncertainty, and doubt will persist absent a resolution of the claim of patent infringement alleged by Defendants in the Patent Enforcement Letter.

40.     This controversy is amenable to specific relief through a decree of conclusive character from this Court.

41.     Notwithstanding the following, BleachBright retains the right to assert affirmative defenses (e.g., patent exhaustion or misuse) as an alternative route of protection of its rights in response to any counter-claim asserted by Defendants.

## FEDERAL CLAIMS

### Count I, Declaratory Judgment of Non-Infringement of the '074 Design Patent
### 28 U.S.C. §§ 2201(a), 2202

42.     BleachBright hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 41 hereof as if fully set forth herein.

43.     BleachBright has a reasonable apprehension that Defendants will file a lawsuit against BleachBright alleging infringement of the '074 Design Patent.

44.     BleachBright, and its products, including IBRIGHT, did not infringe and are not infringing, whether directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '074 Design Patent by engaging in any act of infringement, including manufacturing, importing, marketing, using, selling, or offering to sell products that embody any patentable and patented design described in the '074 Design Patent.  Accordingly, BleachBright's activities do not violate 35 U.S.C. § 271.

45.     BleachBright, and its products, including IBRIGHT, did not infringe and are not infringing any valid and enforceable claim of the '074 Design Patent either by applying any patentable and patented design, or any colorable imitation thereof, described in the '074 Design Patent to any

article of manufacture for the purpose of sale or by selling or exposing for sale any article of manufacture to which such design or colorable imitation has been applied.  Accordingly, BleachBright's activities do not violate 35 U.S.C. § 289.

46.     A judicial declaration is both necessary and appropriate so that BleachBright may ascertain its rights to manufacture, import, market, use, sell, or offer to sell its products, including IBRIGHT, in light of the '074 Design Patent broadly asserted against BleachBright in the Patent Enforcement Letter.

47.     Consequently, a substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that warrants the issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a), 2202 and FED. R. CIV. P. 57 that BleachBright's manufacture, import, market, use, sale, or offer for sale of its products did not infringe and are not infringing, directly or indirectly through contributory or induced infringement, any valid and enforceable claim of the '074 Design Patent in violation of the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

**Count II, Declaratory Judgment of Non-Infringement of the '255 Design Patent**
**28 U.S.C. §§ 2201(a), 2202**

48.     BleachBright hereby re-alleges and incorporates by reference each and every preceding allegation contained in Paragraphs 1 through 47 hereof as if fully set forth herein.

49.     BleachBright has a reasonable apprehension that Defendants will file a lawsuit against BleachBright alleging infringement of the '255 Design Patent.

50.     BleachBright, and its products, including IBRIGHT, did not infringe and are not infringing, whether directly or indirectly through contributory or induced infringement, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '255 Design Patent by engaging in any act of infringement, including manufacturing, importing, marketing, using,

selling, or offering to sell products that embody any patentable and patented design described in the '255 Design Patent. Accordingly, BleachBright's activities do not violate 35 U.S.C. § 271.

51.     BleachBright, and its products, including IBRIGHT, did not infringe and are not infringing any valid and enforceable claim of the '255 Design Patent either by applying any patentable and patented design, or any colorable imitation thereof, described in the '255 Design Patent to any article of manufacture for the purpose of sale or by selling or exposing for sale any article of manufacture to which such design or colorable imitation has been applied. Accordingly, BleachBright's activities do not violate 35 U.S.C. § 289.

52.     A judicial declaration is both necessary and appropriate so that BleachBright may ascertain its rights to manufacture, import, market, use, sell, or offer to sell its products, including IBRIGHT, in light of the '255 Design Patent broadly asserted against BleachBright in the Patent Enforcement Letter.

53.     Consequently, a substantial and continuing controversy of sufficient immediacy and reality exists, constituting as a valid and justiciable controversy between the parties that warrants the issuance of a declaratory judgment under 28 U.S.C. §§ 2201(a), 2202 and FED. R. CIV. P. 57 that BleachBright's manufacture, import, market, use, sale, or offer for sale of its products did not infringe and are not infringing, directly or indirectly through contributory or induced infringement, any valid and enforceable claim of the '255 Design Patent in violation of the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, BleachBright respectfully requests that this Court enter judgment in its favor and against Defendants on all claims for relief asserted herein, as follows:

A.      Declaring that BleachBright and its product, IBRIGHT, did not infringe and are not infringing any valid and enforceable claim of the '074 Design Patent in violation of the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*;

B.      Declaring that BleachBright and its product, IBRIGHT, did not infringe and are not infringing any valid and enforceable claim of the '255 Design Patent in violation of the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*;

C.      Enjoining, preliminarily and permanently, Defendants and their officers, directors, employees, servants, agents, affiliates, attorneys, and all others acting in privity or in concert with any of them, and their parents, subsidiaries, divisions, successors and assigns, from asserting, including filing or prosecuting any civil action, or threatening to assert any charge of infringement of the Design Patents against manufacturers, distributors, customers, potential customers, or users of BleachBright's product, IBRIGHT;

D.      Declaring this to be an exceptional case and awarding BleachBright its costs and expenses in this action, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

E.      Granting BleachBright such other and further relief as this Court deems just and proper.


Dated: October 5, 2016                          Respectfully submitted,

                                                 */ Thomas S. Keaty /*

                                                Keaty Law Firm
                                                Thomas S. Keaty – 7666, T.A.
                                                365 Canal Street, Suite 2410
                                                New Orleans, Louisiana 70130
                                                Tel.: (504) 524-2100
                                                Fax: (504) 524-2105
                                                tskeaty@keatypatentfirm.com

                                                *Attorney for Plaintiff*